The STATE of Ohio, Appellee,

v.

BEUKE, Appellant.

[Cite as *State v. Beuke* (1998), 130 Ohio App.3d 633.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–970807.

Decided Dec. 4, 1998.

634

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *William E. Breyer,* Assistant Prosecuting Attorney, for appellee.

*Ken Murray, David H. Bodiker* and *Randall L. Porter,* for appellant.

*Per Curiam.*

Defendant-appellant, Michael Beuke, appeals the judgment of the Hamilton County Court of Common Pleas declining to hear his petition for postconviction relief pursuant to R.C. 2953.21 and 2953.23. For the reasons that follow, we affirm the trial court's judgment.

In July 1983, Beuke was convicted of one count of aggravated murder, two counts of attempted aggravated murder, three counts of kidnapping, and one

count of carrying a concealed weapon. The trial court imposed a sentence of death with respect to the aggravated murder charge.

This court upheld Beuke's convictions on direct appeal.[1] The Supreme Court of Ohio also upheld the convictions, and the Supreme Court of the United States denied Beuke's petition for a writ of certiorari.[2]

In November 1989, Beuke filed a petition for postconviction relief with the trial court. The court denied the requested relief, and this court again affirmed the trial court's judgment.[3]

On August 15, 1996, Beuke filed another petition for postconviction relief. In the second petition, Beuke set forth sixteen claims for relief. Many of those asserted claims were based upon materials that Beuke received from the Federal Bureau of Investigation pursuant to a Freedom of Information Act request.

On August 19, 1997, the trial court journalized an entry in which it declined to hear Beuke's petition pursuant to R.C. 2953.23. The instant appeal followed.

On appeal, Beuke's asserts nine assignments of error.[4] Having reviewed the record and the parties' briefs, however, we have concluded that the ninth and final assignment of error is dispositive of the majority of the remaining assignments. In the ninth assignment, Beuke claims that the trial court erred in declining to entertain the petition pursuant to R.C. 2953.23. We begin with that assignment of error.

R.C. 2953.23(A) sets forth the circumstances under which the trial court has jurisdiction to entertain a successive petition for postconviction relief. The statute provides as follows:

"[A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) [of R.C. 2953.21] or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:

"(1) Either of the following applies:

---

1. *State v. Bueke* (Mar. 28, 1986), Hamilton App. No. C–830829, unreported, 1986 WL 3750.

2. *State v. Beuke* (1988), 38 Ohio St.3d 29, 526 N.E.2d 274, certiorari denied *sub nom. Beuke v. Ohio* (1989), 489 U.S. 1071, 109 S.Ct. 1356, 103 L.Ed.2d 823, rehearing denied (1989), 492 U.S. 927, 109 S.Ct. 3268, 106 L.Ed.2d 612.

3. *State v. Beuke* (Aug. 14, 1991), Hamilton App. No. C–900718, unreported, 1991 WL 155219, jurisdictional motion overruled (1992), 62 Ohio St.3d 1496, 583 N.E.2d 968, rehearing denied (1992), 63 Ohio St.3d 1407, 585 N.E.2d 428.

4. In Beuke's brief, the assignments of error are misnumbered. We refer to the assignments of error according to their actual progression.

"(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.

"(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

"(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."

■ Construing this statutory language, we have previously indicated that the trial court has no jurisdiction to hear a second or successive petition unless the two prongs of R.C. 2953.23(A) are satisfied.[5] Given that the satisfaction of the prongs of R.C. 2953.23 is jurisdictional, the trial court's decision with respect to the sufficiency of Beuke's allegations is fundamental to the instant appeal. Because we find no error in the trial court's determination, we uphold its dismissal of the petition.

The allegations set forth in Beuke's petition can be separated into several general categories. The first category is the material obtained from the FBI. For the purposes of this category of allegations, we assume, without deciding, that Beuke was unavoidably prevented from discovering the facts in time to present them in the earlier proceedings. Thus, we assume for the sake of argument that the first prong of R.C. 2953.23(A) has been met.

The question remaining to be decided with respect to this category of claims, then, is whether Beuke set forth sufficient facts to demonstrate that, but for the omission of this newly discovered evidence, no reasonable factfinder could have found him guilty or eligible for the death sentence.[6] We hold that the trial court correctly answered this question in the negative.

---

5. See *State v. Poindexter* (Aug. 29, 1997), Hamilton App. No. C–960780, unreported, 1997 WL 605086, jurisdictional motion overruled (1998), 81 Ohio St.3d 1414, 688 N.E.2d 1042, reconsideration denied (1998), 81 Ohio St.3d 1458, 690 N.E.2d 550, and *State v. Hill* (1998), 129 Ohio App.3d 658, 718 N.E.2d 978. Accord *State v. Weese* (May 13, 1998), Medina App. Nos. C.A. 2742–M and 2760–M, unreported, 1998 WL 239977, and *State v. Kirby* (July 7, 1997), Licking App. No. 96 CA 00137, unreported.

6. We wish to emphasize that R.C. 2953.23(A)(2) requires the proof of a "constitutional error" at trial or sentencing. Here, Beuke asserts that the prosecution withheld the evidence set

■ In his petition, Beuke alleged that the FBI file contained various pieces of evidence tending to contradict the prosecution's trial evidence. This FBI material included the following: the disclosure that a prosecution witness was paid for his testimony, the fact that the same prosecution witness had been investigated for child pornography and other crimes, inconsistencies in the ballistics evidence adduced at trial, indications that other persons were suspected of the crime of which Beuke was convicted, evidence that allegedly unreliable investigation methods were employed by the police in identifying suspects, inconsistencies in the physical descriptions given for the assailant by prosecution witnesses, and evidence that one of the victims of the offenses was not a model citizen as had been asserted by the prosecution. Beuke contends that this evidence, individually and cumulatively, satisfies the second prong of R.C. 2953.23(A).

We are not persuaded. We first emphasize that the standard for establishing jurisdiction under R.C. 2953.23 is proof by clear and convincing evidence that, but for the alleged errors, no reasonable factfinder could have found the defendant guilty or eligible for the death penalty. This court has noted in the past that evidence in the nature of impeachment material is not sufficient to invoke the trial court's jurisdiction.[7]

We cannot say that the evidence set forth in the petition was so persuasive that no reasonable factfinder could have found Beuke guilty or eligible for the death penalty. While the asserted evidence may have tended to impeach the state's witnesses and therefore to have been favorable to Beuke, it is not the type of "outcome-altering" evidence contemplated by the statute.[8] Both this court and the Supreme Court of Ohio have expressly recognized the overwhelming evidence of guilt that was adduced at trial in the case at bar.[9] Given the strength of the state's case, we cannot say that the trial court erred in finding that the newly asserted evidence was insufficient to call the jury's verdict and the trial court's sentence into question.

■ The next category of evidence submitted by Beuke is medical evidence tending to show that he suffered from various mental disorders. This evidence simply does not satisfy the first prong of R.C. 2953.23(A), requiring that the petitioner be "unavoidably prevented from the discovery of the facts" upon which

---

forth in the petition in violation of *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. Once again, we assume for the sake of argument that a *Brady* violation occurred.

7. *Poindexter, supra.*

8. *Id.* at 5, 1997 WL 605086.

9. See *Bueke, supra*, unreported, and *Beuke,* 38 Ohio St.3d at 40–41, 526 N.E.2d at 286–287.

the claim rests. The record indicates that a complete psychological evaluation was performed and that the results of the evaluation were given to the jury. Therefore, Beuke has failed to demonstrate that he was prevented from discovering the asserted evidence.

■ The final category of evidence in the petition is evidence that allegedly calls into question the inculpatory statement of Beuke introduced at trial. Beuke asserts that newly discovered documents in which the statement is not mentioned give rise to the inference that the police officer who testified as to the statement committed perjury. We are not persuaded by Beuke's argument. First, we decline to infer perjury on the part of the officer from the omission of the statement from external sources. Further, given the quantum of other evidence adduced by the state, we cannot say that disclosure of this asserted evidence would have resulted in a different outcome.

In sum, we hold that the trial court correctly determined that it did not have jurisdiction to entertain the successive petition. The practical effect of our holding with respect to the ninth assignment of error is that the majority of the assignments of error, relating to other rulings made by the trial court, are rendered without merit. Any decisions or rulings other than the dismissal of the petition were in effect nullities given the trial court's lack of jurisdiction to hear the matter. Accordingly, we hereby overrule the first, second, third, fourth, fifth, and seventh assignments of error.

■ The remaining assignments of error raise issues concerning the constitutionality of Ohio's death-penalty scheme and the postconviction-relief statutes.[10] These claims could have been, and in fact were, raised in the prior proceedings and found to be without merit.[11] Beuke is therefore precluded by the doctrine of *res judicata* from raising them at this juncture. In any event, Beuke has not presented any persuasive argument on appeal that the contested provisions are unconstitutional. Therefore, the sixth and eight assignments of error are also overruled. The judgment of the trial court is thus affirmed.

*Judgment affirmed.*

Doan, P.J., Hildebrandt and Marianna Brown Bettman, JJ., concur.

---

10. Beuke's constitutional arguments are interspersed with other issues. We address the sixth and eight assignments of error here to the extent that those assignments have not been subsumed in our resolution of the ninth assignment.

11. The only issue raised by Beuke that he arguably did not raise in the prior proceedings is the constitutionality of applying the time limits of R.C. 2953.21 and 2953.23 to convictions occurring before the enactment of those limits. We rejected this argument on similar facts in *State v. Lockridge* (July 29, 1998), Hamilton App. No. C–970745, unreported.