DECISION
Defendant-appellant, William L. Garner, appeals the judgment of the Hamilton County Court of Common Pleas declining to entertain his successive petition for postconviction relief. For the following reasons, we affirm the trial court's judgment.
After the affirmance of his conviction and sentence of death for aggravated murder, Garner filed a petition for postconviction relief. The common pleas court denied the petition, and we affirmed that judgment in 1997.[1]
On August 6, 1999, Garner filed a second petition for postconviction relief. The trial court denied the petition without an evidentiary hearing, and Garner has again appealed. In his first assignment of error, he argues that Ohio's statutory scheme for postconviction petitions is unconstitutional on its face and as applied to his conviction. However, Garner failed to raise the constitutional issues before the trial court and, therefore, has waived those arguments.[2] Garner's first assignment of error is overruled.
In his second and final assignment of error, Garner argues that the trial court erred in declining to entertain his petition without an evidentiary hearing or discovery. We find no merit in the assignment.
R.C. 2953.23(A) provides that a trial court may not entertain a successive petition for postconviction relief unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
As we have previously held, a trial court has no jurisdiction to hear a successive petition unless the two prongs of R.C.2953.23(A) are satisfied.[3]
In the case at bar, we find no error in the trial court's determination that the statutory conditions were not satisfied. The basis of Garner's second petition was that Hamilton County's procedures for selecting grand jurors and for selecting the forepersons of grand juries were impermissibly biased against African-Americans and other cognizable groups. Even were we to assume that the first prong of R.C. 2953.23(A) had been satisfied by these allegations, we would be constrained to hold that the second had not. Garner failed to demonstrate, or even allege, that "no reasonable factfinder would have found the petitioner guilty of the offense" but for the claimed infirmities in the grand jury process, or that he would not have been found eligible for the death sentence but for those infirmities. Accordingly, Garner's petition was insufficient to invoke the trial court's jurisdiction to entertain his claims. The second assignment of error is overruled, and the trial court's judgment is affirmed.
Judgment affirmed.
 HILDEBRANDT, P.J., DOAN and PAINTER, JJ.
[1] See State v. Garner (Dec. 19, 1997), Hamilton App. No. C-960995, unreported, jurisdictional motion overruled (1998),81 Ohio St.3d 1498, 691 N.E.2d 1058.
[2] See State v. Awan (1986), 22 Ohio St.3d 120, 489 N.E.2d 277, syllabus.
[3] See State v. Beuke (1998), 130 Ohio App.3d 633, 636,720 N.E.2d 962, jurisdictional motion overruled (1999), 85 Ohio St.3d 1443,708 N.E.2d 209, certiorari denied (1999), ___ U.S. ___,120 S.Ct. 336.