[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
After pleading guilty, defendant-appellant, Wayman Stepp, was convicted of one count of robbery with a firearm specification, one count of having a weapon while under a disability and one count of sexual battery. The trial court sentenced him according to the terms of an agreed sentence that included a mandatory three-year consecutive sentence on the firearm specification.
Subsequently, Stepp filed a petition for postconviction relief, in which he contended that he did not intend to plead guilty to the firearm specification, and that it was his understanding that the sentence would not contain a consecutive three-year sentence for that specification. The trial court denied the petition on the basis that Stepp had failed to present sufficient evidentiary documents to support his claim.
Stepp then filed a document entitled "nunc pro tunc motion for sentence modification," which set forth essentially the same argument given in his petition for postconviction relief. The court treated this document as a successive petition for postconviction relief and denied the petition. This appeal followed.
In his sole assignment of error, Stepp contends that the trial court erred in overruling his motion for "sentence modification." When a criminal defendant, subsequent to that defendant's direct appeal, files a motion seeking vacation or correction of his sentence on the basis that his constitutional rights have been violated, that motion is a petition for postconviction relief as defined in R.C. 2953.21. State v. Reynolds
(1997), 79 Ohio St.3d 158, 160, 679 N.E.2d 1131, 1133; State v. Hill
(1998), 129 Ohio App.3d 658, 660, 718 N.E.2d 978, 979. Consequently, the trial court properly treated Stepp's motion for sentence modification as a successive petition for postconviction relief.
Further, Stepp's motion did not make the showings required by R.C.2953.23(A) to allow the court to entertain a successive petition for postconviction relief. This court has held that a trial court has no jurisdiction to hear a successive petition unless the requirements of R.C. 2953.23(A) are met. State v. Beuke (1998), 130 Ohio App.3d 633,636, 720 N.E.2d 962, 964; State v. Garner (Apr. 28, 2000), Hamilton App. No. C-990659, unreported.
Even if we consider Stepp's motion on the merits, the record shows that the sentence imposed was an agreed sentence. R.C. 2953.08(D) states that if a sentence is authorized by law and jointly agreed to by the defendant and the prosecution, it is "not subject to review." Stepp's agreed sentence was within the statutory range for the offenses of which he was convicted, and it is therefore not subject to review. State v. Engleman
(Aug. 18, 2000), Hamilton App. No. C-990845, unreported; State v.Griffin (July 24, 1998), Hamilton App. Nos. C-970507 and C-970527, unreported. Accordingly, we overrule Stepp's assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.