OPINION AND JOURNAL ENTRY
This cause comes on timely appeal from a judgment of the Columbiana County Court of Common Pleas finding no substantive grounds for relief in a third post-conviction petition filed by Appellant.
Attached to the pro-se notice of appeal filed by Appellant is a statement of the issues raised on appeal. On December 5, 1996, this Court put on an order designating the statement as Appellant's brief and granted the State of Ohio thirty days to file an answer brief. No answer brief has been filed. The matter now comes on for decision.
 PROCEDURAL HISTORY
On June 28, 1993 Appellant was indicted for aggravated vehicular assault with a specification that he was under the influence of alcohol at the time of the offense. Following plea negotiations Appellant entered a plea of guilty to the indictment. On June 30, 1994, Appellant was sentenced to an indefinite term of two to five years of incarceration, and his driver's license was permanently revoked. Subsequent to his incarceration, Appellant filed a motion for shock probation, a motion for conditional probation as a drug dependent person and a motion for modification or reduction of sentence. Each respective motion was overruled.
On January 10, 1996, Appellant filed a motion for delayed appeal to review the judgment imposing sentence in this matter. That case was assigned as Appeals Case No. 96-CO-3. This Court granted the motion for delayed appeal and appointed counsel to assist Appellant in such appeal. A reading of the docket record reveals that although there was a substitution of counsel in that case, it was sua sponte dismissed for want of prosecution on September 21, 1999. The record of this case further reveals that while the appeal was pending Appellant filed a motion for super-shock probation and several petitions for post-conviction relief. The pending motions and petition were overruled by a judgment entered on September 17, 1996.
On September 20, 1996 Appellant field a document entitled "Brief: Evidentiary Hearing Post-Conviction". The state responded on September 30, 1996, with an answer that the petition stated no substantive grounds for relief and was identical to claims already decided by the ruling on a prior petition. Therefore, res judicata applied and the petition should be dismissed. On October 4, 1996 the trial court entered an order finding no substantive grounds for relief, as well as applying res judicata to effectively dismiss the petition. This appeal followed.
 ANALYSIS
In his "Brief" filed with this Court, Appellant asserts a denial of due process in the court's summarily ruling on his post-conviction petition without affording him a reasonable opportunity to file a brief in support of the petition. His primary complaint is that it is was constitutional violation to send out a notice (dated September 9, 1996) advising that, "the request for evidentiary hearing" filed by Appellant was to be decided on September 17, 1996, without giving Appellant a reasonable opportunity to brief the issues raised in his post-conviction petition, especially considering the delay inherent in processing mail in the prison system.
This argument is totally without merit. While the trial court did issue an order on September 17, 1996, regarding certain pending motions and a petition for post-conviction relief, it did not enter the order under review until October 4, 1996, after
Appellant filed his "Brief" on September 20, 1996. In denying the third petition for post-conviction relief the court stated:
 "The [c]ourt has again and has previously reviewed the record in this case and finds no substantive grounds for relief provided for under Revised Code Section 2953.21 that would necessitate an oral hearing or necessitate further review of this matter; the issues raised by Defendant are the same issues raised by previous motions submitted by him and previously referred to in prior judgment entries of the [c]ourt."
As noted in State v. Bueke (1998), 130 Ohio App.3d 633
at 635:
 "R.C. 2953.23(A) sets forth the circumstances under which the trial court has jurisdiction to entertain a successive petition for post-conviction relief. The statute provides as follows:
 "[A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) [of R.C. 2953.21] or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
"(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioners situation and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
Based on the above statutory language the trial court was not obligated to entertain successive petitions filed by the Appellant as they did not meet the statutory criteria.
Under R.C. § 2953.21:
 "(A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."
It is evident from the above statute that the petition itself must state the grounds for relief and include supporting rationale. There is no provision under the post-conviction statute which allows the filing of additional briefs by the parties. The petition filed by Appellant on September 3, 1996, is a fill-in-the blank type of form obviously provided by some agency. The petition contains stated claims for relief as well as a statement of facts supporting such claims. It identifies the grounds and presents argument upon which Appellant contends that his conviction is void or voidable. Therefore, no additional brief was required.
Finally, the only issue raised by Appellant in this appeal is the denial of a suggested due process right to file a brief. He does not challenge the judgment of the court in denying his post-conviction petition.
We have already determined that no statutory or constitutional right exists which would allow Appellant to file a brief after filing a post-conviction petition in conformity with R.C. § 2953.21. Moreover, the trial court issued a further order two weeks after Appellant filed his "Brief". The court apparently characterized the "Brief" as a third petition for post-conviction relief and proceeded to rule on it independently of the judgment Appellant believes is currently at issue.
For all of the above stated reasons we find no merit to this appeal and affirm the judgment of the trial court.
Costs taxed against Appellant.