DECISION.
Defendant-appellant Bobby Terrell Sheppard appeals from the August 31, 2000, judgment of the trial court declining to entertain his successive postconviction petition. For the following reasons, we affirm the judgment of the trial court.
After the affirmance of his conviction for aggravated murder and aggravated robbery, Sheppard filed a petition for postconviction relief. The common pleas court dismissed the petition, and we affirmed that judgment. See State v. Sheppard (Mar. 26, 1999), Hamilton App. No. C-980569, unreported. The Ohio Supreme Court declined review. See Statev. Sheppard (1999), 86 Ohio St.3d 1437, 713 N.E.2d 1049.
On May 5, 2000, Sheppard filed in the court of common pleas a Civ.R. 60(B) motion for relief from the trial court's judgment dismissing his amended postconviction petition. He also filed a motion requesting that the trial court recuse itself from consideration of his Civ.R. 60(B) motion. On May 17, 2000, the trial court denied both motions, and, on appeal, we affirmed. See State v. Sheppard (Feb. 21, 2001), Hamilton App. No. C-000387, unreported.
On May 23, 2000, Sheppard filed a second postconviction petition as well as a motion requesting that the trial court recuse itself from consideration of the petition. On June 20, 2000, Sheppard amended his petition. His petition, as amended, asserted the following claims: (1) the unconstitutionality of R.C. 2953.23(A) as applied to him; (2) the unconstitutional selection of grand jury forepersons in Hamilton County; (3) prosecutorial misconduct during the penalty phase of his trial; (4) juror misconduct during the penalty phase of his trial; and (5) the ineffective assistance of trial counsel. The trial court declined to entertain Sheppard's successive petition and denied his recusal motion. From this judgment, Sheppard appeals.
Sheppard's first through sixth assignments of error challenge the trial court's summary dismissal of his petition and its failure to declare R.C. 2953.23(A) unconstitutional. Sheppard's seventh assignment of error challenges the trial court's denial of his recusal motion.
R.C. 2953.23(A) provides that a trial court may not entertain a successive petition for postconviction relief unless both of the following apply:
Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 As we have previously held, a trial court has no jurisdiction to hear a successive petition unless the two prongs of R.C. 2953.23(A) are satisfied. See State v. Beuke (1998), 130 Ohio App.3d 633, 636, 720 N.E.2d 962, jurisdictional motion overruled (1999), 85 Ohio St.3d 1443, 708 N.E.2d 209, certiorari denied (1999), 528 U.S. 934, 120 S.Ct. 336.
Sheppard's successive petition contained no assertion that it was based upon a newly recognized federal or state right that applied retroactively to him. Therefore, in order for Sheppard to have met the first prong of R.C. 2953.23(A), he would have had to demonstrate that he was unavoidably prevented from discovering the facts upon which he had relied in presenting his claim for relief. But, where, as here, the petitioner's claims for relief could have been raised in his first postconviction petition, a successive petition was insufficient to invoke the trial court's jurisdiction to entertain his claims. See, e.g., State v.Murawski (Aug. 12, 1999), Cuyahoga App. No. 74581, unreported; State v.Talley (Jan. 30, 1998), Montgomery App. No. 16479, unreported; State v.Poindexter (Aug. 29, 1997), Hamilton App. No. C-960780, unreported.
Furthermore, Sheppard's contention that he was denied the effective assistance of counsel in the preparation of his initial postconviction petition is not cognizable in a successive postconviction petition. See R.C. 2953.21(I)(2); State v. D'Amborsio (Mar. 16, 2000), Cuyahoga App. No. 75076, unreported. As we stated in Sheppard's most recent appeal, "[a] civil litigant in a postconviction proceeding has no due-process right to effective assistance of counsel, even in a death-penalty case."State v. Sheppard (Feb. 21, 2001), Hamilton App. No. C-000387, unreported, citing State v. Scudder (1998), 131 Ohio App.3d 470, 474,722 N.E.2d 1054, 1057, stay of execution pending federal habeas review granted (2000), 88 Ohio St.3d 1476, 727 N.E.2d 128. See, also,D'Amborsio, supra; State v. Haliym (March 12, 1998), Cuyahoga App. No. 72411, unreported, discretionary appeal not allowed (1998),82 Ohio St.3d 1441, 695 N.E.2d 264; State v. Wren (Aug. 12, 1997), Richland App. No. 97-CA-19, unreported, discretionary appeal not allowed (1997), 80 Ohio St.3d 1447, 686 N.E.2d 274. Therefore, we overrule Sheppard's first through sixth assignments of error and affirm the trial court's dismissal of his successive postconviction petition.
In his seventh assignment of error, Sheppard contends that the trial court erred by denying his motion for recusal. Sheppard claimed in his motion that the trial judge could not be impartial in deciding his successive petition, which charged systematic racial and gender discrimination in the selection of forepersons for grand juries that had returned capital indictments in Hamilton County from 1982 through 1998.
We rejected a similar argument made by Sheppard regarding the trial judge's refusal to disqualify himself from consideration of Sheppard's Civ.R. 60(B) motion. See State v. Sheppard (Feb. 21, 2001), Hamilton App. No. C-000387, unreported. As we stated, "this court has no jurisdiction to pass upon a claim of disqualification or to void a judgment on such a basis. Only the Chief Justice of the Ohio Supreme Court, or any member of that court so designated by the Chief Justice, has jurisdiction to determine the disqualification of a member of the common pleas court." See id. Accordingly, Sheppard's seventh assignment of error is overruled.
Doan, P.J., and Painter, J., concur.