[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On December 15, 1995, Gerald Clemons carried two handguns to his place of employment. He had previously had arguments with other employees of the company. He went into the office and shot three people, killing them. He was charged with three counts of death-eligible aggravated murder. The case was tried to a jury, he was found guilty on all counts, and the jury recommended the death sentence. The Ohio Supreme Court affirmed the conviction and sentence.[1] A postconviction petition was filed and dismissed; this court affirmed the dismissal.[2] The trial court dismissed a second postconviction petition and this appeal ensued. Because we find no merit in Clemons's assignments of error, we affirm the judgment dismissing his successive petition.
In his first two assignments of error, Clemons argues that the trial court erred in dismissing his petition because the methods of selecting grand-jury forepersons in Ohio and Hamilton County violate the Due Process and Equal Protection Clauses of the United States and Ohio Constitutions, and that defense counsel was ineffective in not making this challenge below. He further asserts that the claimed error in selecting grand-jury forepersons is of such magnitude that he need not comply with R.C. 2953.23(A). We disagree.
A trial court may not entertain a successive petition for postconviction relief unless the petitioner shows either that he was unavoidably prevented from discovery of the facts upon which he relies, or that the United States Supreme Court has recognized a new right that applies to him retroactively. Furthermore, the petitioner in a capital case must show by clear and convincing evidence that, but for the constitutional error, the factfinder would not have found him guilty or recommended the death penalty.[3]
Clemons asserts that he meets the first prong of the test on the authority of Campbell v. Louisiana.[4] In that case, the Supreme Court held that in certain circumstances, discrimination in the selection of the grand-jury foreman could be discrimination in the composition of the grand jury itself. Clemons claims that such an error invalidates a conviction and is not subject to the harmless-error analysis.
In a similar case, State v. Garner,[5] the defendant's second postconviction petition claimed that the selection of the grand-jury foreman was impermissibly biased. This court held that even if we were to assume the first prong of the postconviction test had been satisfied, the second was not because the defendant had failed to demonstrate or even allege that no reasonable factfinder would have found him guilty or ineligible for the death penalty but for the infirmity in the grand jury. Therefore, the petition was insufficient to invoke the trial court's jurisdiction.
The same circumstances exist in this case. Even if we were to assume that Clemons met the first prong under R.C. 2953.23(A), he did not demonstrate by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found him guilty of aggravated murder.[6] Because we have determined that the trial court had no jurisdiction to hear the successive petition, defense counsel cannot be held ineffective for not addressing this issue in the trial court.
In his third assignment of error, Clemons contends that since Senate Bill 2 has expanded the options a jury has in death-penalty cases by adding a finding of life without parole, his death-penalty sentence violates the Equal Protection and Ex Post Facto clauses of the Ohio and U.S. Constitutions because the jury did not have the life-without-parole option in his case. Senate Bill 2 became effective on July 1, 1996. Clemons's offense was committed on December 12, 1995. The Ohio Supreme Court has held that Senate Bill 2 maybe applied only to those persons who have committed crimes after its effective date. It has further held that the prospective application of the bill's sentencing provisions does not violate the constitutional prohibitions against ex post facto laws and retroactive legislation. Therefore, the penalties applicable to offenses committed before the effective date of Senate Bill 2 are those provided under prior law.[7] The third assignment is without merit.
In his fourth assignment of error, Clemons alleges that the trial court erred in dismissing his successive petition when he demonstrated subject-matter jurisdiction and established prima facie claims. As we have already ruled, the trial court must dismiss a successive petition for postconviction relief in a capital case where, as here, the petitioner has failed to demonstrate that no reasonable factfinder would have found him guilty or eligible for the death penalty but for the claimed constitutional errors. No such demonstration was made here. As a result, we overrule the fourth assignment of error, and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
[1] State v. Clemons (1998), 82 Ohio St.3d 438, 696 N.E.2d 1009.
[2] State v. Clemons (Apr. 30, 1999), Hamilton App. No. C-980456, unreported.
[3] R.C. 2953.23(A).
[4] Campbell v. Louisiana (1998) 523 U.S. 392, 118 S.Ct. 1419.
[5] State v. Garner 2000 Ohio App. LEXIS 1823, unreported.
[6] State v. Beuke (1998), 130 Ohio App.3d 633, 636, 720 N.E.2d 962,964.
[7] State v. Rush (1998), 83 Ohio St.3d 53, 697 N.E.2d 1019.