[Cite as *State v. Greathouse*, 2011-Ohio-4012.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                        :            C.A. CASE NO. 24084

v.                                               :            T.C. NO.    05CR852

TERRANCE L. GREATHOUSE                           :            (Criminal appeal from
                                                              Common Pleas Court)

    Defendant-Appellant                     :

                                                 :

        . . . . . . . . . .

**O P I N I O N**

Rendered on the ___12th___ day of ____August____, 2011.

        . . . . . . . . . .

TIMOTHY J. COLE, Atty. Reg. No. 0084117, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

TERRANCE L. GREATHOUSE, #516-781, Ross Correctional Institute, P. O. Box 7010, Chillicothe, Ohio 45601
      Defendant-Appellant

        . . . . . . . . . .

DONOFRIO, J. (by assignment)

{¶ 1} Defendant-appellant, Terrance Greathouse, appeals from a Montgomery County Common Pleas Court judgment denying his petition for postconviction relief.

{¶ 2} This case stems back to appellant's conviction on charges of

kidnapping, rape, two counts of aggravated robbery, intimidation of a crime victim, and firearm specifications. Upon his conviction, the trial court sentenced appellant to a total of 50 years in prison. Appellant's case was first before this court in 2007, on direct appeal from his conviction and sentence. *State v. Greathouse*, Montgomery App. No. 21536, 2007-Ohio-2136 (*Greathouse 1*). This court affirmed appellant's convictions but reversed his sentence and remanded the matter for resentencing. On remand, the trial court once again imposed a total prison term of 50 years.

{¶ 3} While his direct appeal was pending, appellant filed his first postconviction petition. In his petition, appellant argued that his sentence was unconstitutional and should be reversed. The trial court dismissed appellant's petition.

{¶ 4} Appellant filed his second postconviction petition in 2008. In this petition, appellant argued that R.C. 2953.23 was unconstitutional, that his indictment was defective, and that he received ineffective assistance of counsel at the trial level. The trial court once again dismissed appellant's petition. This led to another appeal. *State v. Greathouse*, Montgomery App. No. 23259, 2010-Ohio-1617 (*Greathouse 2*). This court affirmed the trial court's dismissal of appellant's petition.

{¶ 5} Appellant filed his third petition for postconviction relief in February 2010. Once again, the trial court overruled appellant's petition.

{¶ 6} On April 27, 2010, appellant filed his fourth petition for postconviction relief, which he termed a Civ.R. 60(B)(5) petition. In this petition, appellant alleged

that his trial counsel was ineffective for failing to investigate his competency and failing to request a competency hearing, the trial court erred in failing to investigate his competency, and the state violated his rights by failing to appoint him counsel.

{¶ 7} The trial court once again treated appellant's petition as one for postconviction relief. It determined that appellant's petition was untimely. Furthermore, it found that appellant failed to show that he was unavoidably prevented from discovery of the facts upon which he relies to present his claims for relief. It noted that all of appellant's allegations related to his competency, which is an issue within his personal knowledge. Next, the court found that it lacked jurisdiction over the petition because it was appellant's fourth postconviction petition and he failed to demonstrate extraordinary circumstances as required by statute in order for a court to consider a second or successive postconviction petition. And the court found that appellant's claims were barred by the doctrine of res judicata because competency claims were raised in his direct appeal. Finally, the court found that for the above stated reasons, appellant was not entitled to a hearing on his petition. Consequently, it overruled and dismissed appellant's petition.

{¶ 8} Appellant filed a timely notice of appeal on June 7, 2010.

{¶ 9} On appeal, this court must affirm a trial court's decision granting or denying a postconviction petition absent an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, at ¶58. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude in unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157. "[A] reviewing court should not overrule the trial court's finding on a petition for

postconviction relief that is supported by competent and credible evidence." Id.

{¶ 10} The timeliness of appellant's petition must be addressed. The requirement that a petition for postconviction relief be timely filed is jurisdictional. R.C. 2953.23(A) ("a court may not entertain a petition filed after the expiration of the period prescribed [in R.C. 2953.21]"). Unless the petition is timely filed, the court is not permitted to consider the substantive merits of the petition. *State v. Beaver* (1998), 131 Ohio App.3d 458, 461 (the trial court should have summarily dismissed appellant's untimely petition without addressing the merits).

{¶ 11} If a postconviction relief petition is filed beyond the 180-day time limitation or the petition is a second or successive petition for postconviction relief, R.C. 2953.23(A) precludes the court from entertaining the petition unless: (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the 180-day time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief. R.C. 2953.23(A)(1)(a). The petitioner must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b).

{¶ 12} Unless the defendant makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a second or successive petition for postconviction relief. *State v. Carter*, Clark App. No. 03-CA-11, 2003-Ohio-4838, citing *State v. Beuke* (1998), 130 Ohio App.3d 633.

{¶ 13} In this case, appellant's petition was unquestionably filed well beyond the 180-day time limit set forth in R.C. 2953.21. Furthermore, this was appellant's fourth successive postconviction petition.

{¶ 14} Appellant failed to meet either of the specifically enumerated timeliness exceptions under R.C. 2953.23. He did not allege that after his 180-day time period expired, the Supreme Court recognized a new federal or state right that applies retroactively to him and is the basis of his claim for relief. And while he alleged that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, the facts upon which he relied in support were within his personal knowledge as they all dealt with his competency. Competency claims were also raised in his direct appeal showing prior knowledge and res judicata also bars this claim.

{¶ 15} Therefore, appellant's petition was untimely and the trial court was without jurisdiction to entertain it.

{¶ 16} Appellant raises four assignments of error. They state, respectively:

{¶ 17} "THE TRIAL COURT ABUSED IT'S [sic.] DISCRETION W[H]EN IT DENIED HIS APPEAL PURSUANT TO CRIM.R. 33(3&6)."

{¶ 18} "TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE FAILED TO INVESTIGATE AND INQUIRE INTO THE COMPETENCE OF HIS CLIENT IN VIOLATION OF HIS 5TH, 6TH, 8TH, AND 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION."

{¶ 19} "TRIAL COURT ERRED WHEN IT FAILED TO INQUIRE INTO THE COMPETENCY OF THE DEFENDANT IN VIOLATION OF HIS 5TH, 6TH, 8TH,

AND 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION[,] THE OHIO CONSTITUTION[,] AND R.C. 2945.37(B)."

{¶ 20} "THE DEFENDANT'S RIGHTS WERE VIOLATED WHEN HE WAS NOT APPOINTED APPELLATE COUNSEL TO REPRESENT HIM THROUGH ALL HIS APPEALS ONCE COUNSEL WAS INFORMED THAT THE DEFENDANT WAS MENTALLY INCOMPETENT AND ILLITERATE IN VIOLATION OF THE 6TH, 8TH, AND 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION."

{¶ 21} Because we have already determined that the trial court lacked jurisdiction to entertain appellant's postconviction petition, his assignments of error are moot.

{¶ 22} For the reasons stated above, the trial court's judgment is hereby affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

(Hon. Gene Donofrio, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Timothy J. Cole
Terrance L. Greathouse
Hon. Mary Katherine Huffman