[Cite as *State v. Austin*, 2018-Ohio-3727.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

MICHAEL L. AUSTIN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0161.**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 93-CR-117.

**BEFORE:**
Gene Donofrio, Carol Ann Robb, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Ralph Rivers*, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee, and

*Michael Austin*, Pro Se, #290-733, P.O. Box 57, Marion, Ohio 43301, for Defendant-Appellant.

Dated:
September 10, 2018

**Donofrio, J.**

{¶1} Defendant-appellant, Michael Austin, appeals from a Mahoning County Common Pleas Court judgment denying his postconviction petition.

{¶2} In 1994, a jury convicted appellant of murder, with an accompanying firearm specification, for the shooting death of Clarence Jones. The trial court sentenced appellant to 15 years to life in prison for the murder conviction and three additional years for the firearm specification. In his direct appeal, this court affirmed appellant's conviction and sentence. See *State v. Austin*, 115 Ohio App.3d 761, 770, 686 N.E.2d 324 (7th Dist.1996).

{¶3} On July 28, 2017, appellant filed a pro se motion to vacate a void judgment. Appellant cited to R.C. 2903.02(A)(B) and argued that he could not be convicted of both subsections of the murder statute because they consisted of two different courses of action. The trial court overruled the motion. In so doing, the court found that the version of the statute in effect at the time of the offense did not contain the felony murder provision on which appellant relied. Instead, subsection (B) simply provided that whoever violated subsection (A) was guilty of murder.

{¶4} Appellant filed a timely notice of appeal on November 13, 2017. Still acting pro se, he now raises a single assignment of error.

{¶5} Appellant's sole assignment of error states:

WHETHER A JURY'S VERDICT FOR EACH: "MURDER," O.R.C. 2903.02(A) "NO PERSON SHALL PURPOSELY CAUSE THE DEATH OF ANOTHER;" AND O.R.C. 2903.02(B) "NO PERSON SHALL CAUSE THE DEATH OF ANOTHER AS A PROXIMATE RESULT OF COMMITTING OR ATTEMPTING TO COMMIT AN OFFENSE OF VIOLENCE THAT IS A FELONY OF THE FIRST OR SECOND DEGREE["], CONSTITUTES BOTH A LOGICAL AND A STATUTORY IMPOSSIBILITY.

**{¶6}** Appellant argues the jury could not convict him of both murder in violation of R.C. 2903.02(A) and felony murder in violation of R.C. 2903.02(B). He argues that we should reverse his conviction as being contrary to law.

**{¶7}** A petitioner must file his postconviction petition no later than 365 days after the date on which the trial transcript is filed in the direct appeal of the judgment of conviction. R.C. 2953.21(A)(2).

**{¶8}** In this case, the transcripts were filed in appellant's direct appeal on August 23, 1994. Appellant filed the subject motion to vacate a void judgment on July 28, 2017. Thus, almost 23 years passed from the time the transcripts were filed in the direct appeal until appellant filed his postconviction petition.

**{¶9}** The requirement that a petition for postconviction relief be filed timely is jurisdictional. R.C. 2953.23(A) ("a court may not entertain a petition filed after the expiration of the period prescribed [in R.C. 2953.21]"). Unless the petition is filed timely, the court is not permitted to consider the substantive merits of the petition. *State v. Beaver*, 131 Ohio App.3d 458, 461, 722 N.E.2d 1046 (11th Dist.1998) (the trial court should have summarily dismissed appellant's untimely petition without addressing the merits).

**{¶10}** If a postconviction relief petition is filed beyond the time limitation or the petition is a second or successive petition for postconviction relief, R.C. 2953.23(A) precludes the court from entertaining the petition unless: (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief. R.C. 2953.23(A)(1)(a). The petitioner must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b). Unless the petitioner makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a second or successive petition for postconviction relief. *State v. Carter*, 2d Dist. No. 03-CA-11, 2003-Ohio-4838, citing *State v. Beuke*, 130 Ohio App.3d 633, 720 N.E.2d 962 (1st Dist.1998).

**{¶11}** Appellant did not offer any reason for his almost 23-year delay in filing his petition. Thus, the trial court was without jurisdiction to entertain appellant's postconviction petition.

**{¶12}** Moreover, even if we were to consider the merits of appellant's appeal and the trial court's reasoning in denying appellant's petition, we would reach the same result.

**{¶13}** R.C. 2903.02, the murder statute, currently provides in relevant part:

(A) No person shall purposely cause the death of another or the unlawful termination of another's pregnancy.

(B) No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised Code.

**{¶14}** The legislature enacted the current version of the statute on June 30, 1998, to add what is commonly known as "felony murder," or causing the death of another during the course of committing a first- or second-degree felony.

**{¶15}** The version of R.C. 2903.02 in effect at the time appellant was tried provided:

(A) No person shall purposely cause the death of another.

(B) Whoever violates this section is guilty of murder, and shall be punished as provided in section 2929.02 of the Revised Code.

**{¶16}** As can be seen from a reading of the statutory language in effect at the time of appellant's conviction, there was only one way to find an offender guilty of murder at that time. It was not until 1998, several years after appellant's conviction, that the legislature amended the statute to add a second way to find a person guilty of murder. Prior to June 1998, the only way to find an offender guilty of murder was to find that the offender purposely caused the death of another. After the 1998 amendment, an offender can also be found guilty of murder if the offender caused the death of another

as a proximate result of committing or attempting to commit an offense of violence that is a first- or second-degree felony.

{¶17} Accordingly, appellant's sole assignment of error is without merit and is overruled.

{¶18} For the reasons stated above, the trial court's judgment is hereby affirmed.

Robb, P. J., concurs

Bartlett, J., concurs

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**