[Cite as *State v. Cope*, 2020-Ohio-4716.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Respondent-Appellee,

v.

DAVID J. COPE,

Petitioner-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 CO 0029**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2015 CR 471

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Robert Herron,* Prosecutor and *Atty. Ryan Weikart*, Assistant Prosecutor, Columbiana County Prosecutor's Office, 105 South Market Street, Lisbon, Ohio 44432, for Respondent-Appellee and

*Atty. John Juhasz,* 7081 West Boulevard, Suite 4, Youngstown, Ohio 44512, for Petitioner-Appellant.

Dated:
September 30, 2020

**Donofrio, J.**

{¶1}     Defendant-appellant, David Cope, appeals from a Columbiana County Common Pleas Court judgment denying his petition for postconviction relief.

{¶2}     In the morning of August 6, 2015, the Columbiana County Drug Task Force executed a search warrant at appellant's home on suspicions of drug activity.  Appellant was at work at the time.  But three individuals who were staying at his house, Ron Lacey, Jessica Rudish, and Courtney Wilson, were present.  Additionally, appellant's ten-year old son was in the house.  Police found a methamphetamine lab in the basement and drugs and drug paraphernalia throughout the house, including in appellant's bedroom.

{¶3}     A Columbiana County Grand Jury subsequently indicted appellant on one count of illegal assembly or possession of chemicals for the manufacture of drugs, a second-degree felony in violation of R.C. 2925.041(A); one count of endangering children, a third-degree felony in violation of R.C. 2919.22(B)(6); one count of possession of drugs (possession of cocaine, less than five grams), a fifth-degree felony in violation of R.C. 2925.11(A); one count of possession of drugs (possession of methamphetamine, less than the bulk amount), a fifth-degree felony in violation of R.C. 2925.11(A); and one count of possession of drugs (Nandrolone Decanoate, less than the bulk amount), a first-degree misdemeanor in violation of R.C. 2925.11(A).

{¶4}     The case proceeded to a jury trial.  Appellant contended throughout the trial that Lacey was the person who was responsible for the meth lab in the basement and he was unaware of the drug activity taking place in his own house.  Appellant denied that any of the drugs or paraphernalia belonged to him.  The jury found appellant guilty on all counts. The trial court subsequently sentenced him to a total sentence of six years in prison.

{¶5}     Appellant appealed to this court arguing his convictions were against the manifest weight of the evidence.  *State v. Cope*, 7th Dist. Columbiana No. 17 CO 0005, 2018-Ohio-2479.  We found appellant's convictions were supported by the manifest weight of the evidence and affirmed the trial court's judgment.  *Id.*  Appellant appealed to

the Ohio Supreme Court, which declined to hear his appeal. *State v. Cope*, 153 Ohio St.3d 1505, 2018-Ohio-4285, 109 N.E.3d 1260.

{¶6}   Next, on December 7, 2018, appellant filed a petition for postconviction relief in the trial court. He raised three grounds for relief in the petition and requested a hearing on the matter.

{¶7}   First, appellant asserted his trial counsel was ineffective for failing to interview appellant's parents and other family members who had direct information about the lack of drug activity and lack of child endangerment at appellant's house. In support, appellant attached the affidavit of his son, who was ten at the time of appellant's arrest and 13 at the time of executing his affidavit, who averred that appellant's counsel never interviewed him. He also attached the affidavit of another attorney who averred that the failure to investigate all leads constitutes ineffective assistance of counsel. Second, appellant asserted his trial counsel was ineffective because counsel failed to present a complete defense by calling witnesses who would have created a reasonable doubt about his guilt. Third, appellant asserted a conspiracy against him by plaintiff-appellee, the State of Ohio, and state's witness Jessica Rudish. Rudish testified against appellant and in doing so also implicated herself. Appellant argued that no one would knowingly implicate herself unless it was part of a deal with the state.

{¶8}   The state filed a motion to dismiss appellant's petition. It argued the petition was untimely, the issues appellant raised were barred by the doctrine of res judicata, and the petition lacked substantive grounds for relief.

{¶9}   The trial court dismissed appellant's petition without a hearing. The court found it was possible to raise the issues in the petition in appellant's direct appeal. It noted that all of the information was available to appellant's appellate counsel. It also noted that evidence that is of "marginal significance," which does not advance a petitioner's claim beyond a mere hypothesis, is insufficient. Therefore, the court found the doctrine of res judicata barred appellant's claims.

{¶10}   Appellant filed a timely notice of appeal on August 16, 2019. He now raises a single assignment of error.

{¶11}   Appellant's sole assignment of error states:

Case No. 19 CO 0029

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED WHEN IT DENIED AN EVIDENTIARY HEARING AND DISMISSED THE PETITION.

{¶12} Appellant argues the trial court abused its discretion by dismissing his postconviction petition without holding a hearing. He relies on R.C. 2953.21(F), which provides that the court must hold a hearing unless the petition shows that the petitioner is not entitled to relief. Appellant asserts the court should have afforded him discovery and the opportunity to prove his case at a hearing.

{¶13} Appellant contends that the trial court's finding that he could have raised the issue in his petition on direct appeal was in error. He asserts that the material he relies on, including his affidavit and his son's affidavit, could not have been used in his direct appeal because they were outside of the record. Thus, appellant argues the trial court's finding that all of the events outlined in the postconviction petition occurred at the time of trial or at least before appellant's appellate brief was filed is not relevant to denying him a hearing on his petition. While some of the facts asserted in his petition were in the record, many of the facts alleged are de hors the record, appellant argues. He contends the failures of his trial counsel, as alleged in his petition, would only be demonstrable by postconviction discovery, not discovery between the parties in his underlying criminal case.

{¶14} Initially, we must address the state's assertion appellant's petition was untimely and, therefore, the trial court lacked jurisdiction.

{¶15} A petitioner must file his postconviction petition no later than 365 days after the date on which the trial transcript is filed in the direct appeal of the judgment of conviction. R.C. 2953.21(A)(2).

{¶16} In this case, the transcripts were filed in appellant's direct appeal on May 31, 2017. He did not file his postconviction petition until December 7, 2018. Thus, his petition was over six months past the deadline.

{¶17} The requirement that a postconviction petition be filed timely is jurisdictional. R.C. 2953.23(A) ("a court may not entertain a petition filed after the expiration of the period prescribed [in R.C. 2953.21]"). Unless the petition is filed timely,

the court is not permitted to consider the substantive merits of the petition. *State v. Beaver*, 131 Ohio App.3d 458, 461, 722 N.E.2d 1046 (11th Dist.1998).

**{¶18}** If a postconviction petition is filed beyond the time limitation, R.C. 2953.23(A) precludes the court from entertaining the petition unless: (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief. R.C. 2953.23(A)(1)(a). The petitioner must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found [him] guilty of the offense of which [he] was convicted." R.C. 2953.23(A)(1)(b). Unless the defendant makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a second or successive petition for postconviction relief. *State v. Carter*, 2d Dist. Clark No. 03-CA-11, 2003-Ohio-4838, citing *State v. Beuke*, 130 Ohio App.3d 633, 720 N.E.2d 962 (1st Dist.1998).

**{¶19}** In his petition appellant asserted he was unavoidably prevented from filing his petition within the 365-day time period because his trial counsel failed to advise him of his right to seek postconviction relief and because his trial counsel did not make the file available to appellant until August 2018.

**{¶20}** The trial court must have found that appellant's reasons for late filing were acceptable because it went on to address the merits of appellant's motion without discussing the untimeliness. Thus, the court must have taken appellant's statement at face value that his trial counsel would not provide the file to him until August 2018. If this statement is taken as true, then appellant would have been unavoidably delayed from timely filing his petition.

**{¶21}** An appellate court reviews a trial court's denial of a petition for postconviction relief under an abuse of discretion standard. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. Abuse of discretion connotes more than an error of law; it implies the trial court acted arbitrarily, unreasonably, unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶22}** A postconviction petitioner is not automatically entitled to a hearing. *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982). Before granting an evidentiary hearing on the petition, the trial court shall determine whether there are substantive grounds for relief. R.C. 2953.21(C). The trial court's decision of whether to hold an evidentiary hearing in postconviction matters is reviewed for abuse of discretion. *State v. Haschenburger*, 7th Dist. Mahoning No. 08-MA-223, 2009-Ohio-6527, ¶ 43.

**{¶23}** R.C. 2953.21(F) provides in relevant part: "Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending."

**{¶24}** In this case, appellant's petition and the file show that appellant is not entitled to relief. Thus, the trial court did not abuse its discretion in denying appellant's petition without a hearing.

**{¶25}** The trial court found that appellant's petition was barred by the doctrine of res judicata. The doctrine of res judicata provides that any issue that could have been raised on direct appeal, and was not, is barred in later proceedings and not subject to review. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

**{¶26}** In his petition, appellant's main contention was that his trial counsel was ineffective for failing to interview his then ten-year-old son, his parents, and his sister. He asserted these family members could have testified as to the lack of drug activity and lack of child endangerment at appellant's house.

**{¶27}** In his affidavit, appellant averred that he provided his trial counsel with a number of witnesses to contact but that he had "no idea" if his counsel interviewed them. (Appellant Aff. ¶ 4-5). He further averred that his counsel did not advise him of his right to file a postconviction petition and that he sought his file from counsel, which she failed to provide him with. (Appellant Aff. ¶ 6-7). Finally, he averred that his counsel never asked him about interviewing his son, parents, or sister. (Appellant Aff. ¶ 12).

**{¶28}** Appellant's son is G.C. In his affidavit, G.C. averred that appellant's counsel never asked to talk with him. (G.C. Aff. ¶ 11). He further averred that he could have testified at trial that there were times Ron Lacey went into appellant's basement, but appellant did not go with him. (G.C. Aff. ¶ 6). He also could have testified that he never smelled any strong chemicals in the house. (G.C. Aff. ¶ 8).

{¶29}   Attorney Doug Taylor also provided an affidavit.  Atty. Taylor averred as to the standard for ineffective assistance of counsel.  (Taylor Aff. ¶ 4-7).  He further averred as to a lawyer's duty to investigate.  (Taylor Aff. ¶ 8-10).  Taylor then concluded that the failure to attempt to interview possible witnesses constitutes ineffective assistance of counsel.  (Taylor Aff. ¶ 11).

{¶30}   What appellant fails to recognize, however, is that even if his son and other family members testified that generally appellant's house was not a place for drug activity, the evidence at trial only focused on the day in question.  Appellant was indicted and tried for events that occurred on August 6, 2015.

{¶31}   The testimony at trial was uncontroverted that a methamphetamine lab was found in appellant's basement along with supplies to manufacture methamphetamine.  *Cope*, 2018-Ohio-2479, ¶ 41.  It was also uncontroverted that a plate containing cocaine, a straw containing meth residue, and a syringe filled with a steroid were found in appellant's bedroom where he had slept the night before.  *Id.*  And there was no dispute that appellant left for work and entrusted his ten-year-old son in Lacey's and Rudish's care.  *Id.*  Thus, whether appellant's house was generally a safe, drug-free house would not change the circumstances of what occurred and was found by police on August 6, 2015.

{¶32}   As was observed by the First and Twelfth Districts:  "'[E]vidence presented outside the record must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of *Perry* [that res judicata bars claims in postconviction that could have been raised on direct appeal] by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.'"  *State v. Lawson*, 103 Ohio App.3d 307, 315, 659 N.E.2d 362, 367 (12th Dist.1995), quoting *State v. Coleman*, 1st Dist. Hamilton No. C-900811, 1993 WL 74756 (Mar. 17, 1993).  This statement aptly describes appellant's affidavits here.  They merely suggest a hypothesis and appellant's desire for future discovery since he has already exhausted his direct appeal and his attempt to appeal to the Ohio Supreme Court.

**{¶33}** Based on the above, we cannot conclude the trial court's acted arbitrarily, unreasonably, or unconscionably in dismissing appellant's postconviction petition without a hearing.

**{¶34}** Accordingly, appellant's sole assignment of error is without merit and is overruled.

**{¶35}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P. J., concurs.

D'Apolito, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**