OPINION
{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Justin W. Estridge, filed November 4, 2005. On May 8, 1998, the Juvenile Division of the Greene County Court of Common Pleas ordered that the following charges pending therein against Estridge be transferred to the General Division of the Common Pleas Court: one count each of aggravated burglary, in violation of R.C. 2911.11(A)(2), kidnaping, in violation of R.C.2905.01(A)(2), and aggravated robbery, in violation of R.C.2911.01(A)(1), all felonies of the first degree with firearm specifications. On May 22, 1998, a Grand Jury indicted Estridge on one count of breaking and entering, in violation of R.C.2911.13(A), a felony of the fifth degree, two counts of receiving stolen property, in violation of R.C. 2913.51(A), felonies of the fifth degree, three counts of aggravated burglary, in violation of R.C. 2911.11(A)(2), with firearm specifications, felonies of the first degree, one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), with a firearm specification, a felony of the first degree, one count of kidnaping, in violation of R.C.2905.01(A)(2), with a firearm specification, a felony of the first degree, one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree, and two counts of burglary, in violation of R.C. 2911.12(A)(3), a felony of the third degree.
 {¶ 2} The State amended certain counts in the indictment, and on August 28, 1998, Estridge pled guilty to three counts of breaking and entering, two counts of receiving stolen property, one count of aggravated burglary with a three year firearm specification, one count of kidnaping with a three year firearm specification, one count of aggravated robbery with a three year firearm specification, two counts of burglary, and one count of tampering with evidence. On October 7, 1998, the trial court sentenced Estridge as follows: twelve months for each count of breaking and entering; twelve months for each count of receiving stolen property; eight years for aggravated burglary with a three year firearm specification; eight years for kidnaping with a three year firearm specification; eight years for aggravated robbery with a three year firearm specification; five years for each count of burglary; and two years for tampering with evidence. The breaking and entering, receiving stolen property, aggravated burglary, kidnaping, aggravated robbery, and burglary sentences were ordered to be served concurrently to each other and consecutive to the two year sentence for tampering with evidence, and the three year firearm specifications were ordered to be served concurrently to each other but consecutively to the ten years, for a total sentence of thirteen years.
 {¶ 3} Estridge did not file a direct appeal. On May 1, 2000, Estridge filed a Motion to Vacate or Suspend Payment of Fine, which the trial court overruled on May 26, 2000. On March 21, 2001, Estridge filed a Motion to Suspend Fine, Payment of Court Costs and/or Restitution, which the trial court overruled on April 6, 2001. On August 19, 2005, Estridge filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence. The State filed a Motion to Dismiss/Motion for Summary Judgment on August 29, 2005. On October 10, 2005, the trial court overruled Estridge's motion and granted the motion of the State. The court determined that Estridge's petition was untimely and that Estridge's "petition to relieve [his] duty to pay the fines, costs and restitution is not well taken as this motion is considered res judicata." The court further found that "under the two-part test of State v. Bradley, Defendant fails to support his argument of ineffective assistance of counsel."
 {¶ 4} Estridge asserts three assignments of error. His first assignment of error is as follows:
 {¶ 5} "WHETHER OR NOT, APPELLANT MUST MEET BOTH OF THE REQUIREMENT[S] OF ORC 2953.23(A)(1)(a) AND (b) EVEN THOUGH APPELLANT MEETS THE REQUIREMENT OF SECTION (A)(1)(b)"
 {¶ 6} When no direct appeal is filed, a petition for post-conviction relief must be filed no later than "one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). A trial court may only consider an untimely petition if "[b] oth of the following apply: (a) Either * * * the petitioner was unavoidably prevented from discovery of the facts upon which" the petition is based, or the petitioner asserts a new, retroactive federal or state right as the basis for relief, and "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty." R.C. 2953.23(A)(1)(a) and (b) (emphasis added).
 {¶ 7} Estridge based his petition upon Supreme Court decisions that the Sixth Amendment right to a jury trial prohibits judicial fact finding as a basis for imposing enhanced sentences. Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435; Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531; U.S. v. Booker (2005), 543 U.S. 220,125 S.Ct. 738. The Ohio Supreme Court recently declared certain portions of Ohio's felony sentencing scheme unconstitutional because they violated the same Sixth Amendment right. State v.Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856.Foster and the authorities cited by Estridge, however, only apply to matters on direct appeal and not "to persons in the petitioner's situation." R.C. 2953.23 (A)(1)(a). In other words, Estridge did not meet his burden under R.C. 2953.23(A)(1)(a).
 {¶ 8} Estridge, contrary to his assertion, also did not meet his burden under R.C. 2953(A)(1)(b), because his guilty pleas operate as a waiver. State v. Pennington, Clark App. No. 2002 CA 1, 2002-Ohio-2375. "`* * * [A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. * * * A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established.'" Id.
 {¶ 9} The trial court correctly determined that Estridge's petition was untimely, and we accordingly need not reach the merits of Estridge's second and third assignments of error.
 {¶ 10} The judgment is affirmed.
Wolff, J. and Milligan, J., concur.
(Hon. John R. Milligan retired from the Fifth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).