[Cite as *State v. Masters*, 2013-Ohio-3147.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99219**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIAM MASTERS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-527719

**BEFORE:** Celebrezze, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** July 18, 2013

**ATTORNEY FOR APPELLANT**

David L. Doughten
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio   44103


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Daniel T. Van
          Joseph J. Ricotta
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Defendant-appellant, William Masters, appeals from the trial court's decision denying his petition for postconviction relief. For the reasons set forth below, we affirm.

## I. Factual and Procedural History

**{¶2}** On January 4, 2010, appellant pled guilty to all charges in an indictment that charged him with 12 counts of aggravated robbery, 12 counts of kidnapping, and one count each of disrupting public service and vandalism, all relating to his participation in the armed robbery of a "high stakes" poker game. On April 14, 2010, the trial court sentenced appellant to five years on each count of aggravated robbery and kidnapping, three years on the attendant firearm specifications, and imposed the minimum sentence for disrupting public service and vandalism. The court ordered the five years for each of the aggravated robbery and kidnapping convictions to run concurrently with the mandatory three years for the firearm specifications added to each base crime. Appellant received a total eight-year prison term.

**{¶3}** On May 17, 2010, appellant filed his direct appeal with this court. *State v. Masters*, 8th Dist. No. 95120, 2011-Ohio-937. In his appeal, appellant argued that the trial court erred in imposing separate sentences for his aggravated robbery and kidnapping convictions because they were allied offenses of similar import. On March 3, 2011, this court remanded the case to the trial court to determine whether appellant's aggravated robbery and kidnapping convictions should have merged. *Masters* at ¶ 10. On May 23,

2011, the trial court held a resentencing hearing and again sentenced appellant to an eight-year term of imprisonment.

{¶4} Over one year after being resentenced, appellant filed an untimely petition for postconviction relief pursuant to R.C. 2953.23 on September 20, 2012. In his petition, appellant argued that he received ineffective assistance of counsel during his plea proceedings. In his supporting affidavit, appellant alleged that defense counsel provided ineffective assistance by: (1) failing to adequately convey a formal plea offer in which the state agreed to recommend a six-year sentence;[1] (2) advising appellant to cooperate with the police immediately after being charged; (3) improperly misrepresenting his relationship with the trial court judge; and (4) failing to notify the court that appellant was under the influence of sedative medication during the plea hearing. On October 30, 2012, the trial court denied appellant's petition without a hearing.

{¶5} Appellant now brings this timely appeal, raising two assignments of error for review:

> I. Appellant was denied the effective assistance of defense counsel during his plea proceedings.

> II. The trial court erred in summarily dismissing his postconviction petition without according him an evidentiary hearing.

---

[1]The state denies making such a plea offer. Instead the state submits that the plea offer made to defense counsel involved a recommendation of at least seven years with discretion given to the trial court.

## II. Law and Analysis

## A. Untimely Petition

{¶6} Although raised in appellant's second assignment of error, we begin our analysis by addressing his contention that the trial court erred in dismissing his petition for postconviction relief without a hearing.

{¶7} Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *. If no appeal is taken * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

{¶8} In the case sub judice, appellant does not dispute that his petition was filed outside the 180-day limitation window. Appellant's petition was, therefore, untimely. Under R.C. 2953.23, the trial court may not entertain an untimely petition for postconviction relief unless the petition meets the following two conditions. First, the petitioner must demonstrate either that he was unavoidably prevented from discovering the facts on which he relies in the petition or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner. R.C. 2953.23(A)(1)(a). Second, the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. R.C. 2953.23(A)(1)(b).

**{¶9}** Unless the defendant makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a successive petition for postconviction relief. *State v. Carter*, 2d Dist. No. 03CA-11, 2003-Ohio-4838, ¶ 13, citing *State v. Beuke*, 130 Ohio App.3d 633, 720 N.E.2d 962 (1st Dist.1998).

**{¶10}** In his petition for postconviction relief, appellant did not allege any new factual evidence in his case. Rather, he contends that his petition meets the exceptions set forth in R.C. 2953.23 based on the United States Supreme Court decisions in *Lafler v. Cooper*, 566 U.S. ____, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), and *Missouri v. Frye*, 566 U.S. ____, 132 S.Ct. 1399, 182 L.E.2d 379 (2012). Appellant argues that *Lafler* and *Frye* collectively recognize a new retroactive right with respect to the Sixth Amendment right to effective assistance of counsel during the plea bargaining process. He further claims that had he been afforded effective assistance of counsel during the plea bargaining phase, he would have accepted the state's original plea offer and would have received a lesser prison term.

**{¶11}** However, contrary to the arguments raised in appellant's petition, this court recently held that *Lafler* and *Frye* did not create a new retroactive right. *State v. Hicks*, 8th Dist. No. 99119, 2013-Ohio-1904, ¶ 14. Thus, appellant has failed to demonstrate that he meets one of the exceptions to the timely filing requirement set forth in R.C. 2953.23(A)(1). Accordingly, we conclude that the trial court properly denied appellant's request for relief without holding a hearing because it was without jurisdiction to review the untimely petition.

**{¶12}** Appellant's second assignment of error is overruled.

## B. Ineffective Assistance of Counsel

**{¶13}** Because our resolution of appellant's second assignment of error is based on the trial court's lack of jurisdiction to entertain the merits of appellant's petition due to its untimeliness, that issue is dispositive of this appeal. Accordingly, the ineffective assistance of counsel arguments raised in appellant's first assignment of error are rendered moot. App.R. 12(A)(1)(c).

**{¶14}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the common pleas court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR