[Cite as *State v. Walter*, 2014-Ohio-393.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99894**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TERRANCE J. WALTER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-485250

**BEFORE:** Jones, P.J., S. Gallagher, J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 6, 2014

**FOR APPELLANT**

Terrance J. Walter
Inmate #531-346
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio 44430


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: T. Allan Regas
        Joseph J. Ricotta
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant Terrance Walter, pro se, appeals the trial court's April 17, 2013 judgment denying his petition for postconviction relief. We affirm.

## I. Procedural History and Facts

{¶2} Walter and codefendant Antonio Campbell were indicted in 2006 in connection with the murder of Samuel Sims, Jr. The four-count indictment charged the men with aggravated murder, two counts of aggravated burglary, and felonious assault. All the counts contained three- and six-year firearm specifications.

{¶3} Campbell pleaded guilty; Walter proceeded to a jury trial. The jury found him guilty of all counts and specifications. The trial court sentenced him to life imprisonment without the possibility of parole for 20 years on the aggravated murder charge, plus six years for the firearm specification, a concurrent term of five years for the aggravated burglary counts, and a consecutive term of eight years for the felonious assault count. Thus, Walter was sentenced to an aggregate 34 years to life prison term.

{¶4} Walter's aggravated murder and felonious assault convictions were upheld by this court on appeal, but the aggravated burglary convictions were not. *State v. Walter*, 8th Dist. Cuyahoga No. 90196, 2008-Ohio-3457. Upon remand, the trial court vacated the convictions and sentences for the two aggravated burglary counts.

{¶5} Walter attempted to appeal to the Ohio Supreme Court, but the court did not allow the appeal. *State v. Walter,* 120 Ohio St.3d 1454, 2008-Ohio-6813, 898 N.E.2d 968. Further, this court denied his application for reopening. *State v. Walter*, 8th Dist.

Cuyahoga No. 90196, 2009-Ohio-954. In March 2013, Walter filed a petition for postconviction relief that the trial court denied as untimely, and this is the judgment from which Walter now appeals.

{¶6} The detailed facts are set forth in *Walter*, *supra*, 2008-Ohio-3457, ¶ 3-15. To summarize, Walter shot the victim, Sims, in Sims's garage as Sims exited his car with his nine-year old son. Walter fled the scene. He was not apprehended for over three years.

{¶7} Walter raises three assignments of error for our review, all of which assert that his trial counsel was ineffective during the plea negotiations.

## II. Law and Analysis

{¶8} Under R.C. 2953.21(A)(2), a petition for postconviction relief

shall be filed no later than one hundred eighty days after the date on which the transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *. If no appeal is taken * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

{¶9} Walter's petition was filed outside the 180-day time frame and, as such, was untimely. However, under R.C. 2953.23, a trial court may entertain an untimely petition for postconviction relief if the petition meets the following two conditions.

{¶10} First, the petitioner must demonstrate that he was unavoidably prevented from discovering the facts on which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner. R.C. 2953.23(A)(1)(a). Second, the petitioner

must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. R.C. 2953.23(A)(1)(b).

**{¶11}** "Unless the defendant makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a successive petition for postconviction relief." *State v. Masters*, 8th Dist. Cuyahoga No. 99219, 2013-Ohio-3147, ¶ 9, citing *State v. Carter*, 2d Dist. Clark No. 03CA-11, 2003-Ohio-4838, ¶ 13, and *State v. Beuke*, 130 Ohio App.3d 633, 636, 720 N.E.2d 962 (1st Dist.1998).

**{¶12}** Walter did not allege any new factual evidence in his petition. Instead, he maintained that his petition satisfied the exceptions set forth in R.C. 2953.23 based on the United States Supreme Court decisions in *Missouri v. Frye*, _____U.S. _____, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), and *Lafler v. Cooper*, _____U.S. ___, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012). According to Walter, *Frye* and *Lafler* created a new retroactive right to effective assistance of counsel during the plea bargaining process under the Sixth Amendment. Walter also claimed that had he been afforded effective assistance of counsel during plea negotiations, he would have accepted a plea offer from the state that included a recommendation for a less stringent sentence than he received.

**{¶13}** This court has found that *Frye* and *Lafler* do not create a new retroactive right, however. *Masters*, *supra*, at ¶ 11, citing *State v. Hicks*, 8th Dist. Cuyahoga No. 99119, 2013-Ohio-1904, ¶ 14. In *Masters,* because this court found that *Frye* and *Lafler* did not create a new retroactive right, this court found that Masters failed to demonstrate

that he met one of the exceptions to the timely filing requirement under R.C. 2953.23(A)(1), and held that the trial court properly denied Masters's request for relief without holding a hearing, because the trial court lacked jurisdiction to review an untimely petition. *Masters* at ¶ 11.

{¶14} In light of the above, because Walter's petition was untimely and he failed to demonstrate that an exception to the timeliness requirement applied, the trial court did not have jurisdiction to review his petition and it, therefore, properly denied it without a hearing. Accordingly, Walter's three assignments of error are overruled.

{¶15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR