[Cite as *State v. Thomas*, 2014-Ohio-1512.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 99972

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SHERMAN THOMAS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-07-498296-B, CR-07-502143-A, CR-08-510295-A
and CR-09-519703-C

**BEFORE:** Keough, J., Boyle, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** April 10, 2014

**APPELLANT**

Sherman Thomas, pro se
Inmate No. A564455
P.O. Box 8107
Mansfield, Ohio 44905


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Mary H. McGrath
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} In 2009, defendant-appellant, Sherman Thomas, entered guilty pleas in Case Nos. CR-08-510295-A, CR-07-502143-A, CR-07-498296-B, and CR-09-519703-C. As a result of these pleas, Thomas was sentenced to ten years in prison. Thomas timely filed notices of appeal in each case, which were consolidated. However, this court sua sponte dismissed the appeal for failure to file an appellate brief pursuant to App.R. 18(C). *State v. Thomas*, 8th Dist. Cuyahoga No. 93351

{¶2} In 2013, Thomas moved the trial court for postconviction relief, or in the alternative, to allow him to withdraw his guilty pleas in each of the cases. The trial court summarily denied each motion.

{¶3} Thomas now appeals these decisions, raising four assignments of error, which will be addressed together where appropriate.

I. Postconviction Petition

{¶4} In his first and third assignments of error, Thomas contends that the trial court improperly dismissed his postconviction petition without conducting an evidentiary hearing or making findings of fact and conclusions of law.

{¶5} R.C. 2953.21 governs postconviction relief petitions. R.C. 2953.21(C) and (G) require a trial court to make and file findings of fact and conclusions of law setting forth its findings on the issues presented and a substantive basis for its disposition of each claim for relief advanced in the petition. *State v. Kinstle*, 3d Dist. Allen No. 1-12-32,

2013-Ohio-850, ¶ 10. "'Findings of fact and conclusions of law are mandatory under R.C. 2953.21 if the trial court dismisses the petition.'" State *ex rel. Carrion v. Harris*, 40 Ohio St.3d 19, 530 N.E.2d 1330 (1988), quoting *State v. Lester*, 41 Ohio St.2d 51, 322 N.E.2d 656 (1975), paragraph two of the syllabus.

{¶6} A trial court need not issue findings of fact and conclusions of law or conduct an evidentiary hearing, however, when it dismisses an untimely postconviction relief petition because the time limit for filing a motion for postconviction relief is jurisdictional. *State v. Dilley*, 8th Dist. Cuyahoga No. 99680, 2013-Ohio-4480, ¶ 9; *State v. Johns*, 8th Dist. Cuyahoga No. 93226, 2010-Ohio-162, ¶ 8. Under R.C. 2953.21(A)(2), a petition must be filed no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the conviction, or if no appeal is taken, no later than 180 days after the expiration of time for filing the appeal. Here, the trial transcript was filed in the court of appeals in Thomas's direct appeal on July 1, 2009. He filed his postconviction petition in February 2013, over three years after the trial transcript was filed. Accordingly, Thomas's petition was untimely.

{¶7} However, under R.C. 2953.23, the trial court may entertain an untimely petition for postconviction relief if the petition meets two conditions. First, the petitioner must demonstrate either that he was unavoidably prevented from discovering the facts on which he relies in the petition or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner. R.C. 2953.23(A)(1)(a). Second, the petitioner must show by clear and convincing

evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. R.C. 2953.23(A)(1)(b).

{¶8} Unless the defendant makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a successive petition for postconviction relief. *State v. Carter*, 2d Dist. Clark No. 03CA-11, 2003-Ohio-4838, ¶ 13, citing *State v. Beuke*, 130 Ohio App.3d 633, 720 N.E.2d 962 (1st Dist.1998).

{¶9} In his petition for postconviction relief, Thomas did not allege any new factual evidence in his case. Rather, he contends that his petition meets the exceptions set forth in R.C. 2953.23 based on the United States Supreme Court decisions in *Lafler v. Cooper*, 566 U.S. ___, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), and *Missouri v. Frye*, 566 U.S. ___, 132 S.Ct. 1399, 182 L.E.2d 379 (2012). Thomas argues that *Lafler* and *Frye* collectively recognize a new retroactive right with respect to the Sixth Amendment right to effective assistance of counsel during the plea bargaining process.

{¶10} However, contrary to the arguments raised in Thomas's petition, this court has held that *Lafler* and *Frye* do not create a new retroactive right. *State v. Marsh*, 8th Dist. Cuyahoga No. 99219, 2013-Ohio-3147, ¶ 11, citing *State v. Hicks*, 8th Dist. Cuyahoga No. 99119, 2013-Ohio-1904, ¶ 14. Thus, Thomas has failed to demonstrate that he meets one of the exceptions to the timely filing requirement set forth in R.C. 2953.23(A)(1). Accordingly, the trial court properly denied Thomas's request for relief without holding a hearing or issuing findings of fact and conclusions of law because it was without jurisdiction to review the untimely petition. *See Masters* at ¶ 11.

**{¶11}** Thomas's first and third assignments of error are overruled.

II. Motion to Withdraw Guilty Plea — Effective Assistance of Counsel

**{¶12}** In this fourth assignment of error, Thomas contends that the trial court erred in summarily denying his request to withdraw his guilty plea.

**{¶13}** Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶14}** A defendant who attempts to withdraw a guilty plea after sentence has been imposed bears the burden of demonstrating a manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. This court has explained:

> [a] manifest injustice is defined as a "clear or openly unjust act, extraordinary and fundamental flaw in the plea proceeding." Again, "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.

(Citations omitted.) *State v. Sneed*, 8th Dist. Cuyahoga No. 80902, 2002-Ohio-6502, ¶ 13. Further, "[a] trial court is not required to hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea, except when the facts, as alleged by the defendant, indicate a manifest injustice would occur if the plea was allowed to stand." *State v. Britford*, 10th Dist. Franklin No. 11AP-646, 2012-Ohio-1966, ¶ 12.

**{¶15}** We therefore review a trial court's refusal to allow a postsentence motion to withdraw a guilty plea for an abuse of discretion. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

**{¶16}** In this case, Thomas moved to withdraw his plea postsentence on the basis that he received ineffective assistance of counsel during the plea proceedings, which Thomas raises as his second assignment of error. In his motion, he contends that he was denied effective assistance of counsel because his trial counsel (1) failed to communicate with him prior to the plea hearing, and (2) failed to conduct pretrial discovery.

**{¶17}** To establish ineffective assistance of counsel, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonable representation and that he was prejudiced by that performance. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 205, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

**{¶18}** Notwithstanding that Thomas could have raised this issue in a direct appeal, we find that he was not denied effective assistance of counsel. The record before this court demonstrates that although Thomas may have been confused over the status of his cases, he and his counsel met prior to the start of the court proceedings and discussed

Thomas's cases. After a lengthy discussion on the record by the parties regarding defense counsel's investigation and preparation of the case, Thomas remarked:

> THE DEFENDANT: No. I understand. But I just — like I was saying before, I didn't know. But now, after hearing this, I know he really been doing everything he said he was doing. And I just want to apologize to him, because I say he really doing what he supposed to be doing.

{¶19} After Thomas expressed his concerns about counsel, the trial court gave Thomas and defense counsel additional time to discuss the case. Following a recess and before any plea was stated on the record, the following exchange took place:

> THE COURT: Do you feel like you have a satisfactory understanding of what's happening now?
>
> THE DEFENDANT: Yes.

{¶20} Thereafter, the prosecutor stated on the record the plea agreement and the trial court engaged in the following colloquy with Thomas:

> THE COURT: * * * Mr. Thomas, you have had an opportunity to speak with your attorney to your satisfaction?
>
> THE DEFENDANT: Yes.
>
> * * *
>
> THE COURT: Okay. Are you satisfied with the job that [defense counsel] has done for you?
>
> THE DEFENDANT: Yes.

{¶21} The trial court advised Thomas of his Crim.R. 11 rights, and Thomas entered guilty pleas to the counts and specifications stated by the court and pursuant to the plea agreement previously indicated. The record demonstrates that his defense counsel

negotiated a plea with the state involving four different cases, each containing multiple offenses and specifications, some of which carried mandatory prison terms. At no time during the actual plea proceeding did Thomas indicate that he did not understand the nature of the plea agreement, his rights he was waiving, or that he was confused about the proceedings. Accordingly, Thomas has failed to demonstrate how counsel's performance was prejudicial.

{¶22} Finally, Thomas contends he was denied effective assistance of counsel because his trial counsel received a subsequent remedial suspension from the practice of law. The mere fact that his trial counsel was suspended based on an unrelated matter that occurred two years after Thomas entered into his guilty pleas, is irrelevant and insufficient to withstand his burden of proving counsel's representation was deficient in Thomas's case.

{¶23} Because we find Thomas was not denied effective assistance of counsel, the trial court did not abuse its discretion in denying his postsentence motion to withdraw his guilty plea. Accordingly, his second and fourth assignments of error are overruled.

{¶24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


___

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR