[Cite as *State v. Bates*, 2017-Ohio-8408.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105766**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MAURICE L. BATES

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-580371-A

**BEFORE:** E.A. Gallagher, P.J., Blackmon, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** November 2, 2017

**ATTORNEY FOR APPELLANT**

Maurice L. Bates, pro se
Lake Erie Correctional Institution
501 Thompson Road
P.O. Box 8000
Conneaut, Ohio 44061


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Amy Venesile
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

**{¶1}**   Defendant-appellant Maurice Bates appeals the denial of his postconviction petition to vacate or set aside the judgment of conviction of sentence in the Cuyahoga County Court of Common Pleas.   We affirm.

**{¶2}** The relevant facts and procedural history of this case are set forth in *State v. Bates*, 8th Dist. Cuyahoga No. 102756, 2015-Ohio-4989.   The present appeal is limited to Bates's postconviction petition to vacate his conviction filed on April 10, 2017, wherein he alleged that his trial counsel provided ineffective assistance of counsel by (1) inducing him to enter a guilty plea based on a promise of a lesser sentence than that received and (2) failing to investigate his case.

**{¶3}** In a petition for postconviction relief based on a claim of ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate: (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) that counsel's deficient performance prejudiced him, i.e., a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *State v. Moore*, 2d Dist. Clark No. 2014-CA-66, 2015-Ohio-550, ¶ 13, citing *State v. Kapper*, 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983); *see also Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶4} There are strict time limits for seeking postconviction relief under R.C. 2953.21. Under R.C. 2953.21(A)(2), a petition for postconviction relief must be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the conviction or, if no appeal is taken, no later than 365 days after the expiration of time for filing the appeal.

{¶5} If a defendant's petition is untimely under R.C. 2953.21(A)(2), then it must comport with R.C. 2953.23(A). Under R.C. 2953.23(A)(1), the trial court may not consider a delayed petition for postconviction relief unless the petitioner satisfies two requirements. First, the petitioner must demonstrate either that (1) he was unavoidably prevented from discovering the facts upon which he relies in the petition or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner. R.C. 2953.23(A)(1)(a). Second, the petitioner must establish by clear and convincing evidence that no reasonable factfinder would have found him guilty but for constitutional error at trial. R.C. 2953.23(A)(1)(b).

{¶6} The time limit for filing a motion for postconviction relief is jurisdictional. *State v. Johns*, 8th Dist. Cuyahoga No. 93226, 2010-Ohio-162, ¶ 8. Unless a defendant makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider an untimely petition for postconviction relief. *State v. Thomas*, 8th Dist. Cuyahoga No. 99972, 2014-Ohio-1512, ¶ 8, citing *State v. Carter*, 2d Dist. Clark No.

03CA-11, 2003-Ohio-4838, ¶ 13, citing *State v. Beuke*, 130 Ohio App.3d 633, 720 N.E.2d 962 (1st Dist.1998). A trial court need not conduct an evidentiary hearing when it dismisses an untimely postconviction relief petition. *State v. Moon*, 8th Dist. Cuyahoga No. 101972, 2015-Ohio-1550, ¶ 23.

**{¶7}** A trial court's decision to deny a postconviction petition without a hearing is reviewed for abuse of discretion. *State v. Abdussatar*, 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232, ¶ 16. An "abuse of discretion" requires more than an error of law or of judgment; it "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶8}** Bates concedes that his petition was filed beyond the time limitation set forth in R.C. 2953.21(A)(2) but argues that he was unavoidably prevented from obtaining the two affidavits that he attached to his petition pursuant to R.C. 2953.23(A)(1). We find no merit to Bates's arguments. The first affidavit is from Alice Burns, Bates's girlfriend and the mother of his daughter. On its face this affidavit clearly does not meet the requirements of R.C. 2953.23(A)(1)(a). The second affidavit is from Issac Strozier who averred that Bates was present at the shooting in this case and that he did not see Bates with a firearm but, also, that he did not witness the actual shooting. Bates's own affidavit addresses his inability to locate two other alibi witnesses but fails to explain why he was unavoidably prevented from securing the affidavits of either Burns or Strozier or

when he did, in fact, obtain them. Nor is there an averment in any of the affidavits establishing that Bates's trial attorney failed to interview Strozier.

{¶9} Furthermore, Bates's guilty plea bars him from satisfying the conditions under R.C. 2953.23(A)(1) for the trial court to consider an untimely petition for postconviction relief. *State v. Rackley*, 8th Dist. Cuyahoga No. 102962, 2015-Ohio-4504, ¶ 17. Although this court recognized a narrow exception to the general rule that a guilty plea precludes the application of R.C. 2953.23(A)(1) in *State v. Moon*, 8th Dist. Cuyahoga No. 101972, 2015-Ohio-1550, there is nothing in the limited record before us to indicate the unique circumstances present in *Moon* exist in the present case.

{¶10} Bates's sole assignment of error is overruled.

{¶11} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

PATRICIA A. BLACKMON, J., and
ANITA LASTER MAYS, J., CONCUR