[Cite as *State v. Stefan*, 2020-Ohio-1276.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108487 |
| v. | : | |
| GREGORY PETER STEFAN, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 2, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-15-600196-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, and Mary M. Frey, Assistant Prosecuting Attorneys, *for appellee.*

G. Michael Goins, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Gregory Peter Stefan ("Stefan") appeals the trial court's denial of his postconviction petition to vacate and set aside his sentences and the court's denial of his request for an evidentiary hearing. We find that his petition was untimely and that the trial court properly denied Stefan's motion. We find also

that the trial court did not abuse its discretion in denying his request for a hearing. For the foregoing reasons, we affirm.

## Facts

{¶ 2} Pursuant to an investigation by the Ohio Internet Crimes Against Children task force, Stefan was found to be engaging in sexually explicit conversations with an undercover officer posing as a 14-year-old child. Stefan was arrested on October 13, 2015, after traveling to meet the "child" for the purpose of engaging in sexual activity. A search warrant was executed at his city of Lorain home the following day to recover numerous electronic devices, some of which required additional passcodes, and others that were accessible and contained child pornography.

{¶ 3} On November 24, 2015, Stefan was indicted on a thirteen count indictment as follows: Count 1, importuning, a fifth-degree felony; Count 2, attempted unlawful sexual conduct with a minor, a fifth-degree felony; Counts 3 through 7, pandering sexually oriented material or performance in violation of R.C. 2907.322(A)(1), all second-degree felonies; Counts 8 through 12, pandering sexually oriented material or performance, in violation of R.C. 2907.322(A)(5), all fourth-degree felonies; and Count 13, possession of criminal tools, a fifth-degree felony. Stefan pleaded not guilty to all charges.

{¶ 4} According to emails between Stefan's trial counsel and the state of Ohio ("the State") — attached to his petition as exhibits — during the course of plea negotiations the State presented a plea agreement to Stefan. Under that agreement,

the State would nolle counts 3-7 — pandering, all second-degree felonies — in exchange for Stefan's plea of guilty and all passwords and access codes to the devices recovered at his home. According to the emails provided, the State made clear that depending on what was found on Stefan's devices, he could face additional charges regardless of the existing terms of the deal. Stefan was prepared to accept that plea deal on May 31, 2016, the day the trial was to begin.

{¶ 5} Instead, when Stefan's attorney met with the State on May 31, 2016, the State proposed a new plea agreement. The State would nolle counts 8-12 — pandering, all fourth-degree felonies. The State also agreed not to charge him for additional pornographic material found on his devices. Stefan agreed to this new deal. That same day, Stefan pled guilty to: count 1 of importuning, a fifth-degree felony; count 2 of attempted unlawful sexual conduct with a minor, a fifth-degree felony; counts 3-7, pandering, all second-degree felonies; and count 13 of possession of criminal tools, a fifth-degree felony.

{¶ 6} On August 23, 2016, the court sentenced Stefan to the maximum sentence on each count. Stefan received eight-year sentences for each of counts 3-7, which were to run concurrent with each other. Stefan also received one-year sentences for each of counts 1, 2 and 13, to all run consecutive to each other as well as consecutive to his 8-year sentence. His total sentence was 11 years' incarceration, a Tier II sex offender classification as well as five years of mandatory postrelease control.

{¶ 7} Stefan timely appealed from that judgment and presented two assignments of error. *State v. Stefan*, 8th Dist. Cuyahoga No. 104979, 2018-Ohio-266 ("*Stefan I*"). Stefan argued that his counsel was ineffective for advising that he plead guilty on the grounds that several of his charges were potentially time barred. Stefan also argued that his sentence was contrary to law. We found his arguments lacked merit and affirmed the trial court on January 25, 2018, in *Stefan I.*

{¶ 8} Stefan timely filed an application to reopen his direct appeal pursuant to Crim.R. 26(B) on April 25, 2018. He alleged that his appellate counsel was deficient and should have raised additional arguments regarding the performance of his trial counsel. Stefan alluded to the initial, more favorable, plea offer and argued that his trial counsel had forced him to take the second offer because counsel was not aware the State would propose a new deal and had not prepared for trial. We denied his application on August 24, 2018. On December 12, 2018, the Ohio Supreme Court declined to review our denial of his application.

{¶ 9} On March 15, 2019, Stefan filed this petition for postconviction relief pursuant to R.C. 2953.21 and 2953.23. Stefan again argued that his trial counsel had been deficient and that his pleas were not valid because he had been forced into pleading guilty. Stefan attached email records between the State and his trial counsel referencing the initial plea offer. Stefan also attached affadavits from members of his family that asserted Stefan was ready to plead guilty only to the first agreement and that he had been caught off guard by the second plea offer. He again asserted that his counsel's advice was to plead guilty because counsel was not

prepared for a trial. The State opposed his petition arguing that it was untimely and that an evidentiary hearing was unnecessary.

{¶ 10} The trial court denied his petition on March 28, 2019, without holding an evidentiary hearing; the court did not provide any reasoning. Stefan now appeals the denial of his untimely petition.

{¶ 11} Stefan provides two assignments of error for our review. We will address them in turn.

<u>Assignment of Error No. 1</u>

The trial court abused its discretion when it denied Stefan's petition for postconviction relief in violation of the Fifth, Sixth, and Fourteenth amendments to the United States Constitution.

{¶ 12} Stefan's argument is that he is entitled to relief under R.C. 2953.21(A) because he has presented evidence dehors the record that his counsel was ineffective and his plea was therefore not valid.

{¶ 13} As an initial matter we must note that his petition for postconviction relief is not timely. R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." Stefan's petition for postconviction relief was filed over two and a half years after the trial transcript in his direct appeal was filed in the court of appeals; his petition is therefore untimely. An untimely petition can still be reviewed however.

{¶ 14} R.C. 2953.23(A)(1) authorizes a trial court to address the merits of an untimely filed petition for postconviction relief only if both of the following apply:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶ 15} Stefan concedes that his petition is untimely, but contends that he was unaware that the initial plea offer was not part of the record until April 25, 2018, when he filed his application to reopen.

{¶ 16} Pursuant to R.C. 2953.23(A)(1)(a), Stefan's argument can be summarized as follows. He was unavoidably prevented from discovering the initial plea offer was absent from the record. If he had this evidence he could prove that he and his counsel showed up on May 31, 2016, the day of trial, ready for Stefan to plead guilty to the terms of the initial plea offer. Instead, Stefan was presented with an alternative plea deal, defense counsel was unprepared to go to trial, and Stefan, therefore, had no choice but to plead guilty to the terms of the new agreement. In short, if not for the existence of the first plea offer, Stefan would have never pled guilty to the second. His arguments are without merit.

## R.C. 2953.23(A)(1)(a)

{¶ 17} In order for the trial court to address the merits of his untimely petition Stefan must first show that, pursuant to R.C. 2953.23(A)(1)(a), he was "unavoidably prevented from discovery of the fact upon which the petitioner must rely to present the claim for relief." In this case then, Stefan must show he was unavoidably prevented from discovering that his initial plea was not a part of the record. Stefan cannot do so.

{¶ 18} Stefan states that he believed the initial plea offer was a part of the record. He also argues that the mere existence of the first plea offer proves that he would have never pled guilty to the second plea but for ineffective assistance of counsel. But even if that were all true, Stefan still fails to prove that he was prevented from discovering the plea offer was not in the record.

{¶ 19} Stefan was in court on May 31, 2016, the day the record was created, and knew that no mention was made of his first plea offer. Further, he had access to the emails of his defense counsel — attached as affidavits to his petition — which prove the existence of the plea outside of the record. Finally, he had multiple opportunities during the pendency and resolution of his appeal to discover the plea offer. Stefan's discovery of the plea offer was not unavoidably prevented within the required 365-day statutory timeline.

{¶ 20} Stefan fails to meet the requirements under R.C. 2953.23(A)(1)(a), but even if he did qualify, he would still not meet the requirements of R.C. 2953.23(A)(1)(b).

## R.C. 2953.23(A)(1)(b)

{¶ 21} Under R.C. 2953.23(A)(1)(b), the petitioner, after meeting the requirements of R.C. 2953.23(A)(1)(a), must show "by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty * * *."

{¶ 22} Generally, a petitioner who pled guilty and then files an untimely petition for postconviction relief does not qualify under R.C. 2953.23(A)(1)(b). Because the defendant has pled guilty, there is no trial; he cannot, therefore demonstrate that "but for constitutional error at trial" he would not have been found guilty. The defendant simply has no basis for arguing that reasonable factfinders would not have found him guilty when he himself is admitting guilt of a substantive crime. *See State v. Moon*, 8th Dist. Cuyahoga No. 101972, 2015-Ohio-1550, ¶ 34, citing *State v. Cool*, 9th Dist. Summit No. 24518, 2009-Ohio-4333, ¶ 14; *see also State v. Estridge*, 2d Dist. Greene No. 2005 CA 136, 2006-Ohio-5310, ¶ 8 (appellant did not meet burden under R.C. 2953.23(A)(1)(b) "because his guilty pleas operate as a waiver. [A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case.").

{¶ 23} We have, however, recognized that this rule must have exceptions. For example, in *State v. Moon*, we held that a guilty plea does not necessarily preclude relief under R.C. 2953.23(A)(1)(b) where the appellant is alleging that, because of ineffective assistance of counsel, his plea was not valid.

{¶ 24} *Moon* differs substantially from our case however. In *Moon*, counsel was alleged to have failed to file a motion to suppress that, if successful, would have prevented the State from presenting any evidence of the appellant's guilt. We could safely reason in *Moon* then that, absent evidence, a reasonable factfinder could not have found Moon guilty at trial. That is not the case here.

{¶ 25} Stefan alleges that he only pled guilty to the second plea agreement because his counsel was not prepared for trial, and that his counsel was not prepared for trial in anticipation of a different plea agreement being agreed to. Central to that argument is the admission that Stefan was prepared to plead guilty. True to a different plea agreement, but not to different facts. He is not alleging, like in *Moon*, that there is a scenario where he would not have admitted guilt; he cannot credibly meet the requirements of R.C. 2953.23(A)(1)(b) as a result.

{¶ 26} Stefan has failed to prove that he deserves relief under either prong of R.C. 2953.23(A)(1). Therefore, his petition is untimely and was properly dismissed.

{¶ 27} We turn now to his second assignment of error.

Assignment of Error No. 2

The trial court erred in denying Stefan's petition for postconviction relief where he presented sufficient evidence dehors the record to merit an evidentiary hearing.

{¶ 28} A trial court's decision to deny a postconviction petition without a hearing is reviewed for abuse of discretion. *State v. Abdussatar*, 8th Dist. Cuyahoga No. 92439, 2009-Ohio-5232, ¶ 16. An "abuse of discretion" requires more than an error of law or of judgment; it "implies that the court's attitude is unreasonable,

arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 29} We have consistently held that when a trial court lacks jurisdiction to hear a petition under R.C. 2953.23(A)(1), it is not an abuse of discretion to not conduct an evidentiary hearing. *See, e.g., State v. Bates*, 8th Dist. Cuyahoga No. 105766, 2017-Ohio-8408; *State v. Chapman*, 8th Dist. Cuyahoga No. 99960, 2014-Ohio-1059; *State v. Werber*, 8th Dist. Cuyahoga No. 100290, 2014-Ohio-609; *State v. Piasecki*, 8th Dist. Cuyahoga No. 98952, 2013-Ohio-1191, ¶ 21 (where the trial court lacked jurisdiction to hear petition under R.C. 2953.23(A)(1), trial court did not err in failing to conduct a hearing).

{¶ 30} The trial court was well within its discretion to deny Stefan's request for a hearing because the court lacked jurisdiction. His arguments are without merit.

{¶ 31} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN T. GALLAGHER, A.J., and
SEAN C. GALLAGHER, J., CONCUR